## THOMPSON v. TEMPLE COTTON OIL CO.

### No. 95.

District Court, W. D. Arkansas, Texarkana Division.

Dec. 3, 1943.

See, also, 2 F.R.D. 373.

Leffel Gentry, of Little Rock, Ark., for plaintiff.

James D. Head, of Texarkana, Ark., Ralph W. Currie and Frank A. Leffingwell, both of Dallas, Tex., for defendant.

LEMLEY, District Judge.

This cause having been submitted to the jury on written questions with respect to certain issues of fact, but not as to all issues of fact, and the jury having answered said questions, and the Court having heard all of the evidence in the case, and being fully advised, doth make the following findings of fact and conclusions of law:

## Findings of Fact

I. This suit is one which arises under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., which is a law regulating commerce, by reason of which this Court has jurisdiction.

II. The suit was instituted by Guy A. Thompson, as trustee for the Missouri Pacific Railroad Company, debtor, as plaintiff, against the Temple Cotton Oil Company, as defendant, to recover alleged undercharges on twenty different carload shipments of cotton linters, each of which moved via the lines of the plaintiff in interstate commerce. Said shipments are described generally in subparagraphs 1 to 20, inclusive, of paragraph 11 of plaintiff's complaint. Hereinafter, in designating these shipments, they will be described by shipment numbers according to the subparagraph numbers of paragraph 11 of said complaint.

During the progress of the trial, the plaintiff dismissed as to shipments 1, 2, 18, 19, and 20, leaving for consideration and determination the issues as to shipments 3 to 17, inclusive.

III. I find that on June 7, 1939, and on February 2, 1940, the defendant herein, the Temple Cotton Oil Company, as shipper, shipped in interstate commerce via the lines of the plaintiff the two carload shipments of cotton linters described as shipments 6 and 17. Each such shipment moved under the provisions of a standard form of shipper's order notify bill of lading, in which the consignor was shown to be the defendant. In each such instance the non-recourse clause of section 7 of the contract terms and conditions of the bill of lading was executed by the defendant. Each of the two bills of lading was received in evidence as sheets 6 and 17, respectively, of Plaintiff's Exhibit 4.

IV. With respect to shipments 3 to 5, inclusive, and 7 to 16, inclusive, I find that each of them moved under the standard form of shipper's order notify bill of lading, in which Kauders-Steuber Company, a third party, not connected with the defendant, is shown as the shipper or consignor. With respect to shipments 3, 5, 7, 8, 9, 10, 12, 13, 15, and 16, the non-recourse clause of section 7 of the contract terms and conditions of the bill of lading was signed by the Temple Cotton Oil Company. As to shipments 4, 11, and 14, said section 7 was not signed by any person. I find that as to each of the shipments numbered 3 to 5, inclusive, and 7 to 16, inclusive, Kauders-Steuber Company was the shipper or consignor, and that the Temple Cotton Oil Company, the defendant herein, was not the shipper or consignor.

I further find as a fact, with respect to said shipments 3 to 5, inclusive, and 7 to 16, inclusive, that there was no agreement on the part of the Temple Cotton Oil Company to pay any freight charges on any of said shipments. These bills of lading were likewise received in evidence as sheets 3 to 5, inclusive, and sheets 7 to 16, inclusive, of Plaintiff's Exhibit 4.

V. An interrogatory was propounded to the jury concerning each of the fifteen shipments involved in this cause (numbered 3 to 17, inclusive), with respect to the length of car ordered on each such occasion. The jury answered such interrogatory by stating, in effect, that upon evidence which was plain and convincing beyond reasonable controversy it found that as to each such shipment the employees of the defendant had ordered a car fifty feet in length, and not forty feet in length or thirty-six feet in length as shown on the bills of lading.

VI. The Court finds that there is evidence from which the jury could have found, upon evidence that is plain and convincing beyond reasonable controversy, that fifty foot cars were in fact ordered, as found by the jury, and such findings of the jury are here adopted as the findings of the Court with respect to each of said shipments.

VII. The Court finds by a preponderance of the evidence that on the occasion of each shipment the plaintiff could have furnished cars forty feet in length, or thirty-six feet in length, as the case might be.

VIII. I find that there is a general custom and practice in the transportation industry that the shipper of merchandise ordinarily physically prepares the bill of lading and tenders it to the carrier for signature. I find that such bill of lading is prepared in sets; that one copy is delivered to the shipper, which copy must be surrendered to the carrier before the shipment can be delivered; another copy is retained by the carrier at its originating station as a part of its station records; and a third copy is delivered to the shipper as his original record.

I find that in each instance the shipper caused to be placed on each bill of lading a notation reading: "40' 6" car ordered," or "40 foot car ordered larger car placed carrier's convenience," or "36 foot car ordered larger car placed carrier's convenience," as shown by the respective bills of lading in evidence.

IX. I find that the rights of shippers to use fifty foot cars based on charges applicable to the use of forty foot cars, or thirty-six foot cars, are governed by the provisions of Rule 34 of Consolidated Freight Classification No. 12, which rule is in evidence.

X. I find that, with respect to the notation which should appear on a bill of lading, said Rule 34 provides as follows:

"* * * following notation must be made by agent on Bill of Lading and Way-bill:

" 'Car ——— ft. in length ordered by shipper on ——— (date); car ——— ft. in length furnished by carrier on ——— (date), under Rule 34 of Consolidated Classification.' "

XI. I find that the term "agent" as used in the foregoing portion of Rule 34 means the agent of the carrier.

XII. I find as a fact that the notations which appeared on each of the bills of lading were considered by all parties, so far as their form was concerned, as being in substantial compliance with the provisions of Rule 34 with respect to the notation which that rule required to be placed on bills of lading when a larger car is furnished upon an order for a shorter car.

XIII. Based upon the findings of the jury, which findings were adopted as the findings of the Court, I find that the notations appearing on each of the bills of lading were false notations, in that fifty foot cars had actually been ordered instead of forty foot cars or thirty-six foot cars as recited. I find that this fact was known at the time of the making of each of the shipments, in all instances, to the plaintiff and the defendant, and also to Kauders-Steuber Company in those instances where it was either consignor or consignee.

XIV. I find that, pursuant to the false recitals contained in each such bill of lading, the plaintiff billed and collected charges as though forty foot cars or thirty-six foot cars, as the case might be, had been ordered and fifty foot cars furnished under the provisions of Rule 34, when in truth there should have been billed and collected charges based upon the ordering and use, respectively, of fifty foot cars. This applies to all fifteen shipments (Nos. 3 to 17, inclusive).

XV. I find that if the defendant is liable to the plaintiff, it is liable in the following amounts, with interest at the rate of six (6) per cent. per annum on each amount as hereinafter shown:

| Shipment No. | Amount | With Interest From |
|---|---|---|
| 3 | $68.55 | 4–10–39 |
| 4 | 80.59 | 5–12–39 |
| 5 | 58.22 | 7–14–39 |
| 6 | 89.34 | 6–29–39 |
| 7 | 89.17 | 6–30–39 |
| 8 | 88.43 | 8–15–39 |
| 9 | 88.87 | 7–31–39 |
| 10 | 89.11 | 8– 1–39 |
| 11 | 58.23 | 9–22–39 |
| 12 | 88.49 | 9– 1–39 |
| 13 | 58.07 | 9– 8–39 |
| 14 | 77.93 | 8–22–39 |
| 15 | 77.19 | 8–31–39 |
| 16 | 82.32 | 9– 5–39 |
| 17 | 78.89 | 2– 9–40. |

## Conclusions of Law

I conclude as matters of law the following:

I. The obligation to pay freight charges is a contractual one. With respect to shipments 3 to 5, inclusive, and 7 to 16, inclusive, the Court having found that the defendant was not the shipper, and that no contractual relationship between the plaintiff and the defendant existed, there being no promise, express or implied, by the defendant to pay freight charges on these shipments, I conclude that the plaintiff is not entitled to recover any balance of freight charges from the defendant as to these shipments.

II. With respect to shipments 6 and 17, in each of which the defendant was the consignor or shipper, the defendant is, by the express terms of the contract of carriage, obliged to pay all lawful freight charges due on each of such shipments, unless it can relieve itself by the execution of the non-recourse clause of section 7 of the contract terms and conditions of each of the bills of lading. In this connection, since the defendant participated with the plaintiff in a scheme, by means of placing false notations on the bills of lading, by which it was made to appear that the lawful freight charges on the respective shipments were less than the lawful freight charges actually were, and which resulted in demand being made upon the ultimate consignee for only those charges which appeared to be due from the face of the bills of lading, I conclude that the defendant's execution of the non-recourse clause of section 7 of the contract terms and conditions of the bills of lading was ineffectual in law to relieve it of its contractual liability otherwise obtaining, and that the execution of such clause was a nullity.

III. I further conclude, with respect to said shipments 6 and 12, that, even though it be held that the execution of section 7 of the contract terms and conditions of the bills of lading was not a nullity, nevertheless, based upon the facts and circumstances stated in conclusion of law No. II, the defendant is estopped to rely upon its execution of the non-recourse clause of said section 7.

IV. The foregoing conclusions of law Nos. II and III are likewise applicable if the Court be in error in its finding that as to shipments 3 to 5, inclusive, and 7 to 16, inclusive, the defendant was not the shipper or consignor.

V. I conclude that judgment should go for the plaintiff as to shipments 6 and 17, in the several amounts specified in finding of fact No. XV as to each of said shipments, together with interest thereon as in said finding indicated.

VI. I conclude that as to the remaining shipments, that is, shipments 3 to 5, inclusive, and 7 to 16, inclusive, judgment should go for the defendant.

VII. By agreement of the parties, I conclude that each party should pay the costs by it incurred, respectively.